AO 106 (Rev. 01/09)  Application for a Search Warrant

# UNITED STATES DISTRICT COURT

for the

District of Kansas

FILED
U.S. District Court
District of Kansas

MAY – 5 2014

Clerk, U.S. District Court
By: _____ Deputy Clerk

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*

Motorola, Alltel cellular telephone, currently in the custody of the
Bureau of Alcohol, Tobacco, Firearm and Explosives, 310 N. Main
St., Ste. 225, Wichita, Kansas, further described on Attachment A.

)
)
)
)
)
)
)

Case No. 14 - M - 6129 - 01 - KGG

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the _____ District of _____KANSAS_____ *(identify the person or describe property to be searched and give its location)*:

Motorola, Alltel cellular telephone, currently in the custody of the Bureau of Alcohol, Tobacco, Firearm and Explosives, 310 N. Main St., Ste. 225, Wichita, Kansas, further described on Attachment A.

30|

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of ___21___ U.S.C. § 841(a)(1), 846 , and the application is based on these facts: 843(b), 18 U.S.C. 371,

☑ Continued on the attached sheet. (see attached affidavit of probable cause)

☐ Delayed notice of ___ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Jason E. Fuller, Special Agent, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: ___May 5, 2014___

_____
*Judge's signature*

City and state:  Wichita, Kansas

Kenneth G. Gale, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Jason E. Fuller, (here-in-after known as Affiant) being duly sworn, declare and state:

1.     Affiant has been employed as a Special Agent of the ATF since September 2003. Affiant is currently a Senior Special Agent assigned to the Wichita Field Office in Wichita, KS.   As a Special Agent with ATF, affiant attended the Federal Law Enforcement Training Center's Criminal Investigator Training Program and ATF Special Agent Basic Training.  Prior to being employed by ATF, affiant was employed by Illinois State University ("ISU"), Department of Criminal Justice Sciences.   Prior to being employed by ISU, affiant was employed as a Special Agent by the Iowa Department of Public Safety, Division of Narcotics Enforcement ("DNE").   As a Special Agent with ATF and/or DNE, affiant has received training in arson, explosives, firearms, tobacco, and drug trafficking investigations.  As a Special Agent with ATF and/or DNE, affiant has conducted and/or participated in investigations involving arson, explosives, firearms, controlled substances, contraband cigarette trafficking, mail fraud, wire fraud, and money laundering.  Affiant has worked undercover to obtain information and evidence, utilized confidential informants to obtain information and evidence, conducted interviews of suspects and witnesses, written and executed state and federal search warrants, and written and executed state and federal arrest warrants.  Affiant has conducted and/or participated in investigations resulting in the seizure of contraband, currency, bank accounts, vehicles, and real estate properties.  Affiant has a Bachelor of Science, Summa Cum Laude, degree and a Master of Science degree in Criminal Justice Sciences.

## PURPOSE OF AFFIDAVIT

2.     This affidavit is made in support of a search warrant for the following cellular telephone:

a.     Motorola, Alltel cellular telephone, FCC ID: IHDT56GE1 seized from **Herbert JONES** on April 9, 2014 and entered into ATF evidence as ATF Item #320 (**"SUBJECT CELLULAR TELEPHONE"**);

3.     There is probable cause to believe that evidence of possession with intent to distribute and distribution of a controlled substance in violation 21 U.S.C. § 841(a)(1); conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846; use of communication devices to facilitate distribution of a controlled substance in violation of 21 U.S.C. § 843(b); and conspiracy to commit offenses against the United States in violation of 18 U.S.C. § 371 will be found in **SUBJECT CELLULAR TELEPHONE.**

4.     Because the purpose of this affidavit is to set forth only those facts necessary to establish probable cause for the issuance of a search warrant, I have not described all of the relevant facts and circumstances of which I am aware related to this or other investigations. This affidavit does not purport to set forth all of my knowledge of, or investigation into, this matter. The information in this affidavit is based on my personal knowledge of the facts of this investigation, as well as oral or written communications with other law enforcement personnel and investigators. The opinions which I have formed and the statements set forth in this affidavit are based upon my training and experience as well as consultation with other, more experienced investigators.

## CELLULAR TELEPHONE TO BE SEARCHED

5.      This affidavit is made in support of a search warrant to search the following cellular telephone found to be in the possession of **Herbert JONES** at or near the time of his arrest on April 9, 2014:

a.      Motorola, Alltel cellular telephone, FCC ID: IHDT56GE1 seized from **Herbert JONES** on April 9, 2014 and entered into ATF evidence as ATF Item #320 (**"SUBJECT CELLULAR TELEPHONE"**);

## ITEMS TO BE SEIZED

6.      The items to be seized from **SUBJECT CELLULAR TELEPHONE**, which constitute the fruits, instrumentalities, and evidence of possession with intent to distribute and distribution of a controlled substance in violation 21 U.S.C. § 841(a)(1); conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846; use of communication devices to facilitate distribution of a controlled substance in violation of 21 U.S.C. § 843(b); and conspiracy to commit offenses against the United States in violation of 18 U.S.C. § 371 include the following:

a.      All digital or electronic information stored inside the **SUBJECT CELLULAR TELEPHONE** that would reveal evidence of drug trafficking, including, but not limited to, any and all names and/or aliases, addresses, telephone numbers, stored images, and/or other information, which identifies possible associates and/or co-conspirators;

b.      All digital or electronic information stored inside the **SUBJECT CELLULAR TELEPHONE** that would reveal evidence of drug trafficking, including, but not limited to, any and all names and/or aliases, addresses, telephone numbers, dates

of calls, times of calls, and/or duration of calls, which identifies calls made to and/or from **SUBJECT CELLULAR TELEPHONE**;

   c. All digital or electronic information stored inside **SUBJECT CELLULAR TELEPHONE** that would reveal evidence of drug trafficking, including but not limited to, any and all stored voice mail, text messages, and/or e-mails;

   d. All digital or electronic information stored inside **SUBJECT CELLULAR TELEPHONE** that would reveal evidence of drug trafficking, including, but not limited to, any and all stored images, photos, videos, and pictures;

   e. All digital or electronic information stored inside **SUBJECT CELLULAR TELEPHONE** that would constitute indicia of ownership and/or use of **SUBJECT CELLULAR TELEPHONE**.

## PROBABLE CAUSE

   7. From speaking with agents and investigators involved in this investigation, from reviewing written reports regarding this investigation, and from my personal involvement in this investigation, affiant knows that the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") initiated an investigation into the criminal activity of **Gerald BEASLEY** in or about October 2012.  This investigation has been conducted in coordination with the Drug Enforcement Administration ("DEA"), the Internal Revenue Service ("IRS"), the Wichita Police Department ("WPD"), the Sedgwick County Sheriff's Office ("SCSO"), and other law enforcement agencies. Based on the investigation to date, affiant believes that **Gerald BEASLEY** operates a criminal enterprise and conspires with other individuals, including **Herbert JONES**, to obtain and distribute controlled substances.

8.     Affiant has conferred with WPD Det. Maria Heimerman ("Det. Heimerman") and reviewed WPD reports regarding Case #NNC11-68A.     From conferring with Det. Heimerman and reviewing these reports, affiant learned the following information:

a.     On August 23, 2011, Det. Heimerman, acting in an undercover capacity and with the assistance of a confidential informant ("CI"), went to 2659 E. 8th Street, Wichita, KS in order to contact **Herbert JONES**, Jr. and purchase $100.00 of crack cocaine.  Det. Heimerman and the CI waited for approximately ten (10) minutes until **JONES** arrived on a red motorcycle.  A black male walked up behind **JONES** after he arrived.  **JONES** allowed Det. Heimerman inside his residence while he dealt with the black male.  Det. Heimerman observed **JONES** retrieve something from his right front pocket and hand it to the black male who then departed from the residence.  **JONES** told Det. Heimerman and the CI to help themselves to candy that was in a large plant container.  **JONES** began walking around from one room to the other.  The CI motioned for Det. Heimerman to give him the money.  Det. Heimerman approached **JONES** the next time he walked into the living room and then handed him $100.00 of U.S. currency. **JONES** then walked into the front east bedroom where Det. Heimerman was asked to follow him.  **JONES** sat on a chair near the door and was removing the clear plastic baggies from a plastic bag and separating the suspected crack cocaine.  **JONES** gave Det. Heimerman five small baggies that contained suspected crack cocaine.  **JONES** asked for Det. Heimerman's name.  Det. Heimerman provided an undercover name to **JONES**, which he wrote down on a piece of paper.  While in the bedroom, Det. Heimerman observed a red velvet circle bed and a large flat screen TV with surveillance video on the

screen, which indicated to Det. Heimerman that he had surveillance video outside his residence.  While exiting the residence, there was another unknown black male sitting on the porch waiting on **JONES**.

        b.      On August 31, 2011, Det. Heimerman, acting in an undercover capacity, went to 2659 E. 8th Street, Wichita, KS in order to contact **Herbert JONES**, Jr. and purchase $200 of crack cocaine.  The arrangements were made via cellular telephone. The telephone number that **JONES** was using at that time was (316) 807-6901, which is the same telephone number that has been in contact with **TARGET TELEPHONE #1** according to the toll analysis as described below.  Det. Heimerman called **JONES** after trying to purchase from him on 08-30-2011.  **JONES**, however, did not call back until 08-31-2011.  **JONES** stated that he had some and to come on over.  Surveillance was established prior to Det. Heimerman arriving at **JONES'** residence.  Upon driving to **JONES'** residence, Det. Heimerman observed **JONES** outside in his yard.  Det. Heimerman exited her vehicle and made contact with **JONES**.  **JONES** told Det. Heimerman to come on up to the porch where he sat on the bench located on the porch. **JONES** then received a phone call.  Det. Heimerman handed **JONES** $200.00 in U.S. currency.  **JONES** continued to talk on the telephone and took the money.  **JONES** spoke on the telephone to an unknown person and then hung up.  **JONES** told Det. Heimerman to go in the house.  Det. Heimerman entered the residence and observed **JONES** lock the deadbolt after entering the residence.  **JONES** walked to the southwest corner room and returned with a clear plastic bag containing other smaller clear plastic baggies containing suspected crack cocaine.  **JONES** removed twelve (12) smaller baggies and placed them on the table.  **JONES** then obtained another clear plastic baggie

from a china cabinet drawer located in the dining room. **JONES** placed the twelve (12) smaller clear baggies containing suspected crack cocaine in the bag and handed the bag to Det. Heimerman. Det. Heimerman told **JONES** that it was going quick and that she would call him soon. **JONES** replied by saying that he had plenty and to return when she was ready. Det. Heimerman then walked toward the front door where **JONES** assisted in unlocking the door. As Det. Heimerman was exiting the residence, she observed a white male walking towards **JONES'** door.

9.     On March 26, 2013, U.S. District Court Judge Eric F. Melgren signed an order authorizing wire and electronic intercepts over **Gerald BEASLEY's** cellular telephone. Interceptions commenced on March 27, 2013. Based on interceptions, affiant believes that **Gerald BEASLEY** conspired with **Herbert JONES** to violate various Federal laws, including, but not limited to, the distribution of controlled substances. Affiant believes that, based on interceptions of calls and/or text messages between **Gerald BEASLEY** and **Herbert JONES**, as well as other information, that **Gerald BEASLEY** was conspiring with **Herbert JONES** to purchase and sell cocaine. Several of these calls and/or text message exchanges are described below.

a.     On April 1, 2013, at approximately 5:42 p.m., **Gerald BEASLEY** departed from 1122 N. PIATT, WICHITA, KS.   **BEASLEY** was followed by surveillance officers and was observed arriving at the residence of 2616 East 8th Street Wichita, KS.[1]   **BEASLEY** met with a female subject at that location outside. At approximately 5:51 p.m., **BEASLEY** was followed out of the area and drove directly to 1122 N. PIATT, WICHITA, KS. Shortly thereafter, **BEASLEY** was observed leaving

---

[1] It should be noted that this address is located near the address of Herbert JONES, Jr. at 2659 E. 8th Street, Wichita, KS. Affiant believes that Herbert JONES, Jr. is a co-conspirator of Gerald BEASLEY.

1122 N. PIATT, WICHITA, KS. At approximately 5:55 p.m., investigators intercepted a call between **BEASLEY** and JONES in Session #1012. During the call, **BEASLEY** stated, "Yeah, but, no, I had a, I had two of those, and I think, I think one of em fell out when I got out of the car and she picked it up cuz she was coming from back that way going toward the car." **BEASLEY** also stated, "Uh huh, cuz I, I don't see it here cuz if it, it would have been here and it's not here cuz I thought I zipped the pocket all the way up and I didn't, but that's one." **BEASLEY** then indicated that he believed someone named Alicia picked it up. JONES later said, "I, I know, I know if she show back up cuz they been coming all day." JONES also said, "You know what I'm saying. If, if she slowed down then I know, I know it from right then. You know what I'm saying?" Affiant believes that **BEASLEY** and JONES were discussing **BEASLEY** losing a quantity of drugs that he had taken with him when he traveled from 1122 N. PIATT, WICHITA, KS to 2616 East 8th Street Wichita, KS.

   b.     On April 3, 2013, investigators intercepted telephone calls between **BEASLEY** and Herbert JONES, Jr. During one call in Session #1356, JONES told **BEASLEY** that he was waiting on him. During another call in Session #1357, JONES told **BEASLEY** that he was waiting on him. **BEASLEY** told JONES that he would see him in a little bit. At approximately 5:13 p.m., **BEASLEY** was observed arriving at 1122 N. PIATT, WICHITA, KS. **BEASLEY** entered 1122 N. PIATT, WICHITA, KS and remained inside. At approximately 5:24 p.m., **BEASLEY** was observed leaving the 1122 N. PIATT, WICHITA, KS. **BEASLEY** drove directly to the residence of 2659 East 8th Street Wichita, KS. **BEASLEY** arrived at the location at approximately 5:26 p.m. This is the known residence of Herbert JONES, Jr. At approximately 5:28 p.m., **BEASLEY**

8

left the residence and drove directly to TIARA'S PLACE RESTAURANT. Affiant believes that BEASLEY met with JONES and either delivered controlled substances or picked up money from the sales of controlled substances.

10.     On June 11, 2013, the Honorable Magistrate Judge Kenneth G. Gale issued a Federal search warrant for the residence located at 1122 N. Piatt, Wichita, KS.

11.     On the morning of June 12, 2013, affiant and other law enforcement personnel met at a staging location in the area of 10th and Minneapolis. The purpose of the meeting was to prepare for serving Federal search warrants at various locations, including the residence located at 1122 N. Piatt. A Federal seizure warrant had also been issued to seize **Gerald BEASLEY**'s silver-in-color Lincoln Navigator bearing Kansas license plate JEWEL1. While the aforementioned law enforcement personnel waited in the area of 10th and Minneapolis, other law enforcement personnel established surveillance in the vicinity of 1122 N. Piatt, Wichita, KS and observed **BEASLEY**'s Lincoln Navigator bearing Kansas license plate JEWEL1 parked in the driveway of 1122 N. Piatt, Wichita, KS. **BEASLEY** exited 1122 N. Piatt, Wichita, KS, got into the Lincoln Navigator, and drove away. WPD Officer (Off.) Bachman, who was at the staging location, was dispatched to conduct a traffic stop of **BEASLEY** in order to seize the vehicle. Off. Bachman informed affiant that, when he stopped **BEASLEY** in the Lincoln Navigator, **BEASLEY** was found to be in possession of a loaded handgun. Off. Bachman informed affiant that he had stopped **BEASLEY** near the intersection of 11th Street and Chautauqua Street. Off. Bachman further informed affiant that he asked **BEASLEY** if he had any weapons and that **BEASLEY** told him that he had a gun. Off. Bachman informed affiant that he then located and retrieved a loaded handgun from

**BEASLEY**'s right, front, pants pocket.  Off. Bachman later showed affiant the handgun, which is described as a High Standard Mfg. Corp, Derringer, .22 caliber, handgun, S/N D06489 loaded with two (2) rounds of .22 caliber ammunition.  Affiant placed **BEASLEY** under Federal arrest for being a felon in possession of a firearm.  Off. Bachman subsequently transported **BEASLEY** to the Sedgwick County Jail.  At the time of **BEASLEY**'s arrest, **BEASLEY** had two cellular telephones in his possession.  Affiant subsequently retrieved **Gerald BEASLEY**'s cellular telephones and entered them into ATF evidence.

12.     On June 12, 2013, law enforcement personnel served the Federal search warrant at the residence located at 1122 N. Piatt, Wichita, KS.  Affiant believes that the aforementioned residence, which was owned and/or controlled by **Gerald BEASLEY**, was being used by **Gerald BEASLEY** as a stash house for controlled substances.  During the search of the residence, law enforcement personnel found and seized, among other items, the following: a Hipoint, Model C9, 9mm, pistol, S/N P1526267; ammunition; heroin; marijuana; cocaine; crack cocaine; pills; drug paraphernalia; documents and computer evidence; and over $26,000.00 in United States Currency.

13.     On April 01, 2014, a Federal grand jury in Wichita, Kansas returned a true bill indicting **Herbert JONES** on conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846 and possession with intent to distribute and distribution of a controlled substance in violation 21 U.S.C. § 841(a)(1).  A Federal arrest warrant for **Herbert JONES** was then issued.

14.     On April 9, 2014, **Herbert JONES** was arrested pursuant to the Federal arrest warrant at his residence located at 2659 East 8th Street, Wichita, Kansas.  ATF SA Stoddard asked for and received consent to search JONES' residence and vehicles.  A search of the residence revealed razor blades, a scale and plastic sandwich bags.  These items were not seized.  A mobile phone was located.  JONES confirmed it was his phone. JONES' phone (**SUBJECT CELLULAR TELEPHONE**) was seized and held as evidence.  JONES was transported for processing.  Affiant subsequently entered the **SUBJECT CELLULAR TELEPHONE** into ATF evidence as ATF Item #320.

15.     Based on my training and experience, consultation with other experienced investigators, and other sources of information, I know the following regarding persons engaged in drug trafficking (hereinafter "traffickers"):

a.     That traffickers will often have other members of the organization purchase or otherwise obtain items such as cellular telephones and then use the items communally;  sometimes trading cellular telephones to avoid detection by law enforcement;

b.     That traffickers often maintain extensive contact with individuals from whom they receive and/or to whom they distribute drugs and that, in order to do this effectively, these persons typically maintain access to telephone communication;

c.     That traffickers frequently use cellular telephones to verbally and textually communicate various types of information with organization members, such as: (a) telephone numbers of co-conspirators; (b) the identities of co-conspirators involved in the drug trafficking enterprise; (c) locations of meetings with co-conspirators; (d) prices

and quantities of controlled substances; and (e) alerts or warnings of the presence of law enforcement;

      d.    That traffickers sometimes maintain within their phones digital or electronic information regarding amounts of drugs sold and "fronted"; monies owed; profits and their disposition; associates' names, phone numbers and telephone pager codes and that these records may include, but are not limited to, receipts, notes, ledgers, and other documents related to the transportation, ordering, sale, manufacture and distribution of controlled substances;

      e.    That traffickers occasionally take, or cause to be taken, photographs or videos of themselves, their co-conspirators, their associates, their property, their illegal activities, and their contraband.

## CONCLUSION

    16.    Based on the foregoing, I believe there is probable cause to believe that items, which constitute the fruits, instrumentalities, and evidence of possession with intent to distribute and distribution of a controlled substance in violation 21 U.S.C. § 841(a)(1); conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846; use of communication devices to facilitate distribution of a controlled substance in violation of 21 U.S.C. § 843(b); and conspiracy to commit offenses against the United States in violation of 18 U.S.C. § 371 will be found in **SUBJECT CELLULAR TELEPHONE.**

Jason Fuller, Special Agent
Bureau of Alcohol, Tobacco, Firearms and
Explosives

SUBSCRIBED TO AND SWORN before me this 5th day of May, 2014.

_____
Kenneth G. Gale
United States Magistrate Judge
District of Kansas

# **ATTACHMENT A**

The cellular telephone to be search is described as the following:

       a.     Motorola, Alltel cellular telephone, FCC ID: IHDT56GE1 seized from **Herbert JONES** on April 9, 2014 and entered into ATF evidence as ATF Item #320 **("SUBJECT CELLULAR TELEPHONE")**

# ATTACHMENT B

The items to be seized from **SUBJECT CELLULAR TELEPHONE**, which constitute the fruits, instrumentalities, and evidence of possession with intent to distribute and distribution of a controlled substance in violation 21 U.S.C. § 841(a)(1); conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846; use of communication devices to facilitate distribution of a controlled substance in violation of 21 U.S.C. § 843(b); and conspiracy to commit offenses against the United States in violation of 18 U.S.C. § 371 include the following:

a.     All digital or electronic information stored inside the **SUBJECT CELLULAR TELEPHONE** that would reveal evidence of drug trafficking, including, but not limited to, any and all names and/or aliases, addresses, telephone numbers, stored images, and/or other information, which identifies possible associates and/or co-conspirators;

b.     All digital or electronic information stored inside the **SUBJECT CELLULAR TELEPHONE** that would reveal evidence of drug trafficking, including, but not limited to, any and all names and/or aliases, addresses, telephone numbers, dates of calls, times of calls, and/or duration of

calls, which identifies calls made to and/or from **SUBJECT CELLULAR TELEPHONE**;

      c.    All digital or electronic information stored inside **SUBJECT CELLULAR TELEPHONE** that would reveal evidence of drug trafficking, including but not limited to, any and all stored voice mail, text messages, and/or e-mails;

      d.    All digital or electronic information stored inside **SUBJECT CELLULAR TELEPHONE** that would reveal evidence of drug trafficking, including, but not limited to, any and all stored images, photos, videos, and pictures;

      e.    All digital or electronic information stored inside **SUBJECT CELLULAR TELEPHONE** that would constitute indicia of ownership and/or use of **SUBJECT CELLULAR TELEPHONE**.

AO 93  (Rev. 01/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

District of Kansas

FILED
U.S. District Court
District of Kansas

MAY - 5 2014

Clerk, U.S. District Court
By:_____ Deputy Clerk

In the Matter of the Search of

*(Briefly describe the property to be searched
or identify the person by name and address)*

Motorola, Alltel cellular telephone, currently in the custody of the Bureau of
Alcohol, Tobacco, Firearm and Explosives, 310 N. Main St., Ste. 225,
Wichita, Kansas, further described on Attachment A.

)
)
)
)
)
)
)

Case No.  14-M-6129-01-KGG

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of _____Kansas_____
*(identify the person or describe the property to be searched and give its location)*:
Motorola, Alltel cellular telephone, currently in the custody of the Bureau of Alcohol, Tobacco, Firearm and Explosives, 310 N. Main St., Ste. 225, Wichita, Kansas, further described on Attachment A.
301

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:
See Attachment B.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before  MAY 15, 2015
*(not to exceed 10 days)*

☑ in the daytime  6:00 a.m. to 10 p.m.      ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge
_Kenneth G. Gale_
*(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐ for _____ days *(not to exceed 30)*.
☐ until, the facts justifying, the later specific date of _____.

Date and time issued:  MAY 5, 2014
1430 hrs
_____
*Judge's signature*

City and state:  Wichita, Kansas _____
Kenneth G. Gale, United States Magistrate Judge
*Printed name and title*

AO 93  (Rev. 01/09) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

**Certification**

      I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

**ATTACHMENT A**

The cellular telephone to be search is described as the following:

       a.     Motorola, Alltel cellular telephone, FCC ID: IHDT56GE1 seized from **Herbert JONES** on April 9, 2014 and entered into ATF evidence as ATF Item #320 (**"SUBJECT CELLULAR TELEPHONE"**)

## ATTACHMENT B

The items to be seized from **SUBJECT CELLULAR TELEPHONE**, which constitute the fruits, instrumentalities, and evidence of possession with intent to distribute and distribution of a controlled substance in violation 21 U.S.C. § 841(a)(1); conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846; use of communication devices to facilitate distribution of a controlled substance in violation of 21 U.S.C. § 843(b); and conspiracy to commit offenses against the United States in violation of 18 U.S.C. § 371 include the following:

    a.   All digital or electronic information stored inside the **SUBJECT CELLULAR TELEPHONE** that would reveal evidence of drug trafficking, including, but not limited to, any and all names and/or aliases, addresses, telephone numbers, stored images, and/or other information, which identifies possible associates and/or co-conspirators;

    b.   All digital or electronic information stored inside the **SUBJECT CELLULAR TELEPHONE** that would reveal evidence of drug trafficking, including, but not limited to, any and all names and/or aliases, addresses, telephone numbers, dates of calls, times of calls, and/or duration of

calls, which identifies calls made to and/or from **SUBJECT CELLULAR TELEPHONE**;

c.    All digital or electronic information stored inside **SUBJECT CELLULAR TELEPHONE** that would reveal evidence of drug trafficking, including but not limited to, any and all stored voice mail, text messages, and/or e-mails;

d.    All digital or electronic information stored inside **SUBJECT CELLULAR TELEPHONE** that would reveal evidence of drug trafficking, including, but not limited to, any and all stored images, photos, videos, and pictures;

e.    All digital or electronic information stored inside **SUBJECT CELLULAR TELEPHONE** that would constitute indicia of ownership and/or use of **SUBJECT CELLULAR TELEPHONE**.